NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD J. MIERZWA, et al., : | Civil Action No. 04-5268 (FSH) |
| : | |
| Plaintiffs, : | |
| : | **OPINION & ORDER** |
| vs. : | |
| : | |
| CITY OF GARFIELD, et al., : | |
| : | Date: August 9, 2006 |
| Defendants. : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendants' City of Garfield, Garfield Municipal Court Administrator Rose Ann Merendino, Garfield Police Officers Anthony Blackfield, Arkadiusz M. Dudek, John P. Keating, Joseph G. Marsh, Jeffrey R. Stewart, and James Zangara; North Jersey Media Group; and Chris Gaffney and Diane Gaffney Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]  The Court has reviewed the submissions of the parties and considered the motions on the papers in accordance with Fed. R. Civ. P. 78.

**I.     Background.**

Plaintiffs' claims arise out of a series of events that began on October 8, 2005, when their car became wedged between their neighbors' parked vehicles as Plaintiff Edward Mierzwa attempted to back-out of his driveway.  Plaintiffs' neighbors are Defendants Diane and Chris Gaffney ("the Gaffneys").  Plaintiff called the Garfield Police Department, which dispatched

---

[1] The City of Garfield has moved pre-answer for dismissal of the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Officer Arkadiusz Dudek to aid in removing Plaintiff's car from the roadway.

On October 10, 2005, Plaintiff contacted the Garfield Police Department again, this time to complain about the location of the Gaffneys' car.  The police incident report attached to Plaintiffs' Complaint states that after arriving at Plaintiff's residence, Plaintiff met Officers Marsh, Keating, and Stewart with obscenities.  The officers found Plaintiff exhibited tumultuous behavior and attempted to arrest him.  After resisting arrest, the Plaintiff was tackled and subdued with spray, and then taken into custody.  On October 17, 2005, Defendant Diane Gaffney swore out a Complaint for harassment against Plaintiff in the Garfield Municipal Court.

On October 19, 2005, the *Shopper News*, a publication operated by Defendant North Jersey Media Group ("NJMG"), published an article reporting the October 10 incident involving Plaintiffs and the Garfield Police.

Plaintiffs brought the present action pursuant to 42 U.S.C. § 1983 on January 6, 2006.  Count I of the Second Amended Complaint claims that the Defendants violated their "civil rights guaranteed by the Fourteenth Amendment."  Count II of the Complaint asserts a loss of consortium claim on behalf of Plaintiff Patricia Mierzwa.

## II.     Standard of Review.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court need not credit a complaint's "bald assertions" or "legal conclusions," it is required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in light most favorable to the plaintiff.  Id. (citing Rocks v. City of Philadelphia, 868 F.2d

644, 645 (3d Cir. 1989)); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based on those documents.  Pension Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1992).  A *pro se* complaint, "'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relieve.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999), aff'd sub. nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).

**III.     Analysis.**

To state a claim under § 1983 a plaintiff must establish that: (1) he or she was deprived of a federal right secured by the Constitution, (2) by a person acting under color of state law. Popow v. City of Margate, 476 F.Supp. 1237, 1240 (3d Cir. 1970) (citing Adickes v. S.H. Kress and Co., 398 U.S. 144, 150 (1970)).

**A. Claims Against the City of Garfield, et al.**

Plaintiffs claim that their constitutional rights under the Fourteenth Amendment were violated by Garfield Municipal Court Administrator Rose Ann Merendino; the City of Garfield; the Garfield Police Department; and Garfield Police Officers Anthony Blackfeld, Arkadiusz M. Dudek, John P. Keating, Joseph G. Marsh, Jeffrey R. Stewart, and James Zangara, through the following actions: 1) Court Administrator Rose Anne Merendino's refusal to dismiss the

Gaffneys' Complaint filed against Plaintiffs; 2) Officer Blackfeld's visit to the Plaintiffs' residence on February 19, 2004; 3) Officer Dudek's interaction with Plaintiff on October 8, 2005 after helping Plaintiff to unblock his car from the roadway; 4) Officer Zangara's alleged statement to Plaintiff that a no-parking zone would be created in front of Plaintiffs' residence; and 5) Officers' Marsh, Stewart, and Keating's arrest of Plaintiff Edward Mierzwa on October 10, 2005.

Plaintiffs claim that on December 7, 2005 Rose Ann Merendino violated Plaintiffs' constitutional rights under the Fourteenth Amendment when she refused to dismiss the Municipal Court Complaint filed by Defendant Diane Gaffney against Plaintiff Edward Mierza. The Second Amended Complaint alleges that during a phone conversation on that date, "Plaintiff inquired about the demand for clarification of any cause of action [and] Rose Ann Merendino, Municipal Court Administrator, stated that there will be no dismissal." Even if this court were to accept this allegation as true, these facts do not establish a violation of Plaintiffs' constitutional rights.

Plaintiffs appear to allege that Officer Blackfeld violated Plaintiffs' constitutional rights when he came to Plaintiffs' home on the night of February 19, 2004. The incident report that Plaintiffs have attached to their Complaint indicates that Officer Blackfeld's interaction with Plaintiffs was a conversation with Plaintiff Patricia Mierzwa and a request that Plaintiff Edward Mierzwa, who was not home, contact the Garfield Police Department upon his return. While Plaintiffs allege that Officer Blackfeld attempted to break down their front door, there is no allegation of property damage and no fact that sets forth a constitutional violation.

Plaintiffs also allege that on October 8, 2005, after responding to Edward Mierzwa's call to the Garfield Police Department, Officer Dudek berated him and warned Mr. Mierzwa against blocking the roadway with his car. These allegations fail to establish a violation of a constitutional right.

Plaintiffs further allege that the Garfield Police Department violated Plaintiffs' constitutional rights when the Department "willfully obstructed" Plaintiffs' access to the incident report regarding the events of October 8, 2005. However, Plaintiffs append an e-mail to their Complaint which indicates that Plaintiffs were given the incident report after paying the one dollar fee.

Plaintiffs allege that on October 10, 2005 Officer Zangara violated Plaintiffs' constitutional rights by misrepresenting the creation of a no-parking zone adjacent to Plaintiffs' residence. These allegations, however, do not establish a violation of Plaintiffs' constitutional rights.

Plaintiffs claim that Officers Marsh, Stewart, and Keating "depriv[ed] Plaintiff(s) [of their] Civil Rights Guaranteed by the Fourteenth Amendment" on the evening of October 10, 2005. Plaintiffs do not identify which of their Fourteenth Amendment rights were violated. However, because complaints by *pro se* litigants shall be held to a "less stringent standard than formal pleadings drafted by lawyers," Estelle, 429 U.S. at 106, the Court reads Plaintiffs' Complaint as asserting a claim for excessive force. See Second Am. Compl. ¶ 17 (alleging that the Defendants "caus[ed] reckless endangerment upon Plaintiff with the use of unreasonable and excessive force ..."). The Defendants have asserted qualified immunity. The general rule of qualified immunity protects government officials from civil liability for any action that "does not

violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Courts have repeatedly emphasized that qualified immunity is "an immunity from suit rather than a mere defense to liability," and that as such, qualified immunity questions shall be resolved "at the earliest possible stage in litigation."  See Saucier v. Katz, 533 U.S. 194, 201 (2001) (citations omitted).  Claims of qualified immunity are analyzed under a two-step process.  Id.  The Court must first "determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all."  Sutton v. Rasheed, 323 F.3d 236, 250 n.27 (3d Cir. 2003) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999) (citations omitted)).  If the plaintiff has alleged such deprivation, the Court must "proceed to determine whether that right was clearly established at the time of the alleged violation."  Id.  Accordingly, the Court first examines whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right."  Saucier, 533 U.S. at 201.

Excessive force claims arising in the context of an arrest are analyzed under the "objective reasonableness" standard of the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 388 (1985).  Whether force used in connection with an arrest is excessive depends on the facts and circumstances of each particular case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004) (quoting Graham v. Connor, 490 U.S. 386, 396 (1985)).

The Complaint alleges that when Plaintiffs attempted to "explain the events," Defendant Marsh "immediately became flustered" and "threaten[ed] Plaintiff Edward J. Mierzwa with arrest;" Plaintiff then "quickly departed and attempted to gain access to [sic] personal residence for the purpose of making distress calls with regard to the situation." Plaintiffs claim that Defendant Marsh "appeared violent; lunged, dragged and rear-tackled Plaintiff causing Plaintiff Edward J. Mierzwa to fall on bare concrete ... immediately causing a severe blow to the head, traumatic injury to the right knee, jammed index finger on right hand of Plaintiff." Plaintiffs also allege that "the incessant pepper spraying and physical pressure overwhelmed Plaintiff's breathing tracts" and "caused severe swelling of eyes." While these allegations appear to be contradicted by the Garfield Police incident report attached to Plaintiffs' Complaint, the Court finds that Plaintiffs have alleged, at this stage of the proceedings, sufficient facts to state a claim for excessive force. The Court also believes that it is premature to rule on the qualified immunity issue as currently raised, i.e. in a pre-answer motion for summary judgment, and that the qualified immunity issue will be more appropriately resolved in light of the factual development gained through discovery.[2] Accordingly, the Court will treat the City of Garfield's Motion to Dismiss or in the alternative for Summary Judgment as a Motion for Summary Judgment, but will give both sides an opportunity to file briefs and statements of uncontested facts as required by L.Civ.R.56.1.

---

[2] Pursuant to the Scheduling Order, discovery in this case was to be completed by June 30, 2006. See November 17, 2005 Scheduling Order [Docket Entry # 46].

### B. Claims Against Chris and Diane Gaffney, and North Jersey Media Group

Plaintiffs claim that by filing a Complaint alleging harassment by Plaintiffs, the Gaffneys violated Plaintiffs' constitutional rights under the Fourteenth Amendment. Plaintiffs also claim that North Jersey Media Group ("NJMG") violated their constitutional rights under the Fourteenth Amendment by publishing an article reporting the October 19 incident involving Plaintiffs and the Garfield Police. These claims fail, however, because the Defendants did not act under color of state law during any of the incidents alleged by the Plaintiffs. To succeed under 42 U.S.C. § 1983, a plaintiff's constitutional rights must have been violated by a defendant acting under color of state law. "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Fuller v. Bissel, 1989 U.S. Dist. LEXIS 18307, *3 (D.N.J. Dec. 4, 1989) (quoting Polk County v. Davidson, 454 U.S. 312, 317-18 (1981)). Here, both the Gaffneys and NJMG are private actors, not state actors. Accordingly, Plaintiffs' federal claims against the Gaffneys and NJMG are dismissed.

## IV.     Conclusion.

For the reasons stated above, **IT IS** on this 9th day of August 2006,

**ORDERED** that the Complaint is **DISMISSED** with prejudice as to Defendants Chris and Diane Gaffney, North Jersey Media Group, Rose Ann Merendino, Officers Dudek, Blackfeld and Zangara, the City of Garfield, and the Garfield Police Department;[3] and it is further

**ORDERED** that Defendants Marsh, Stewart, and Keating's Motion to Dismiss or in the alternative for Summary Judgment will be treated as a Motion for Summary Judgment on the excessive force claim and the qualified immunity defense; and it is further

**ORDERED** that Defendants Marsh, Stewart, and Keating shall file their Motion for Summary Judgment and L.Civ.R.56.1 statement of uncontested facts no later than **September 16, 2006**; and it is further

**ORDERED** that Plaintiffs shall file a responsive brief and 56.1 statement no later than **September 26, 2006**; and it is further

**ORDERED** that Defendants Marsh, Stewart, and Keating shall reply by **October 3, 2006**; the return date for their motion is **October 10, 2006**; and it is further

**ORDERED** that all terms of the November 17, 2005 Scheduling Order shall remain in full force and effect.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[3] To the extent that Plaintiffs' federal claims against the Gaffneys, North Jersey Media Group, Rose Ann Merendino, Officers Dudek, Blackfeld and Zangara, the City of Garfield, and the Garfield Police Department are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim.  See  United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).